## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZENA ALSANABANI in her individual capacity and/or Executor of The Estate of Abdulmalek Anwar Alsanabani,<br><br>           Plaintiff,<br>  v.<br><br>SPEAR OPERATIONS GROUP, ABRAHAM GOLAN, Reflex Responses Management Consultancy LLC d/b/a Reflex Response Security Consultants and ERIK PRINCE and The Bank of New York Mellon Corp. and the First Abu Dhabi Bank USA N.V and JOHN DOE 1-100, ABC Corporation 1-100.,<br><br>           Defendants. | Civ. No. 1:25-cv-01684-JDB |

**DEFENDANT ERIK PRINCE'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(3). 12(b)(4), AND 12(b)(5)**

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), Defendant Erik Prince[1] moves to dismiss the Complaint against him for lack of personal jurisdiction, insufficient process, insufficient service of process upon him, and improper venue related to service defects.

---

[1] Defendant Prince files this motion on his own behalf and in his individual capacity, but a point of clarification is necessary. Plaintiff appears to assert that his attempted effort to serve Mr. Prince somehow also effected service on Reflex Responses Management Consultancy LLC. *See* ECF 9 (docketing as "RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. REFLEX RESPONSES MANAGEMENT CONSULTANCY, LLC" an affidavit of service on Erik Prince). This assertion may arise from the errant statements in the complaint that Mr. Prince was at some time the Chief Executive Officer of Reflex Responses Management Consultancy, LLC. ECF No. 3, Amended Complaint, ¶¶ 22, 33, 56. To be clear, Mr. Prince is not and has never been the Chief Executive Officer or any other officer of Reflex Responses Management Consultancy, LLC. Plaintiff will have to take up his service of claims against that company, if any, with someone else.

**BACKGROUND**

The above-captioned matter was filed on May 28, 2025.  ECF No. 1.  Plaintiff failed even to attempt service on Mr. Prince until the Court's order mandating she do so, or risk dismissal.  See ECF No. 5 at 1.  On November 3, 2025, Plaintiff or Plaintiff's agent delivered a document purporting to serve as a summons in the above-captioned matter to the personal residence of Mr. Prince in Middleburg, Virginia.  A true and correct copy of that summons is attached hereto as Exhibit A.  The summons was not delivered to Mr. Prince personally.  The summons did not meet the requirements of Federal Rule of Civil Procedure 4(a)(1)(F) & (G), as it lacked the signature of the clerk of the Court and the seal of the Court.  *See* Ex. A.

**ARGUMENT**

The Court should dismiss the Complaint against Defendant Erik Prince for insufficient process, insufficient service of process, improper venue due to these service defects, and lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(5).

The summons served on Mr. Prince's residence was insufficient because it failed to conform to the formal requirements of Rule 4(a) and thus must be dismissed under Federal Rule of Civil Procedure 12(b)(4) on grounds of insufficient process.  While courts may forgive "minor, nonprejudicial" errors and omissions, a summons must substantially comply with the formal requirements of Rule 4.  *Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 81 (D.C. Cir. 2014) (quoting *Prewitt Enters., Inc. v. OPEC,* 353 F.3d 916, 924 n.14 (11th Cir.2003)).  A minor typo in the address on a summons may be excused, but failure to include the clerk's signature and affix the seal of the court to a summons is grounds for quashing service or dismissal in this court.  *See Robinson v. Ergo Solutions, LLC,* 10 F.Supp.3d 157, 163-65 (D.D.C. 2014) (minor typo in

summons does not warrant dismissal); *see also Stanton v. Vesta Corp.*, 2022 WL 2663824, at *1 (D.D.C. July 11, 2022) (quashing service for failure to affix clerk's signature and seal of the court).

In the alternative, Mr. Prince moves for dismissal under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  Proper service is effectuated when the party on whose behalf service is made makes a proper showing that the process by which service was made followed the dictates of Rule 4.  *Anderson v. Gates*, 20 F. Supp. 3d 114, 119 (D.D.C. 2013). "Failure to effect proper service is … a 'fatal' jurisdictional defect, and is grounds for dismissal." *Jouanny v. Embassy of France in the U.S.*, 220 F. Supp. 3d 34, 38 (D.D.C. 2016) (quoting *Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Sols.*, 550 F. Supp. 2d 23, 26 (D.D.C. 2008)).  "[N]otice of the complaint 'cannot by itself validate an otherwise defective service.'" *Doe #1 v. Am. Fed. Of Gov't Employees*, 554 F. Supp. 3d 75, 122 (D.D.C. 2021) (quoting *Freedom Watch,* 766 F.3d at 81).  Plaintiff failed to effectuate proper service, and any argument to the contrary is bound to fail because of Plaintiff's service of a summons that does not comply with the strict formal requirements of Rule 4.  Failure to serve a summons in compliance with the form described in Rule 4 is a fatal jurisdictional defect that is sufficient basis for dismissal.

In the alternative, Mr. Prince moves for dismissal under Federal Rule of Civil Procedure 12(b)(2) and (b)(3) for lack of personal jurisdiction and improper venue related to the service defects.  Even if Plaintiff's service is considered sufficient under Rules 12(b)(4) and 12(b)(5), the summons presented to Mr. Prince's residence on November 3 fails for lack of personal jurisdiction. Without the summons being affixed with both the clerk's signature and seal of the court, this Court may not exercise personal jurisdiction over a Defendant, even if properly served.  *See Stanton*, 2022 WL 2663824, at *1 (citing *Silbaugh v. Chao*, 942 F.3d 911, 914 (9th Cir. 2019) and *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)).  In *Silbaugh*, the Ninth Circuit held

that a valid summons is necessary for a court to exercise personal jurisdiction, and for a summons to be valid it must be signed by the clerk.  942 F.3d 911 at 914.  Similarly, the Third Circuit held in *Ayres* that a summons not signed and sealed by the clerk does not confer jurisdiction over a defendant.  99 F.3d at 569.  In addition, the Plaintiff lacks proper venue in this district, because at least one specialized venue provision for a substantive statute allegedly underlying her causes of action turns on sufficiency of service.  18 U.S.C. § 2334(a).   Because the summons presented to Mr. Prince's residence on November 3 lacked *both* the Clerk's signature and the court's seal, this Court may not exercise personal jurisdiction over Mr. Prince on the basis of that summons. *See* Ex. A.

When presented with a motion to dismiss under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), this Court has discretion over whether to dismiss the complaint in its entirety, or quash service and allow the Plaintiff to attempt service again.  *See Stanton*, 2022 WL 2663824, at *1.  Should service be attempted once more, however, such service would occur after the deadline imposed by this Court for Plaintiff to effectuate proper service.  *See* ECF No. 5 at 1.  The Court required the Plaintiff to execute proper service by November 19, 2025, or to provide a written explanation of why such service has not been completed, which the Plaintiff has not done thus far.  *Id.*  The Court also stated it may extend the period of time for Plaintiff to properly serve Defendants if good cause is shown.  *Id.*

The Court should therefore dismiss the Complaint against him rather than quash service due to Plaintiff's lack of diligence in attempting to execute service.  The original complaint was filed on May 28, 2025.  *See* ECF No. 1.  This is 160 days before service was even attempted on Defendant Prince on November 3, 2025, nearly twice the 90 days permitted under Rule 4(m). Plaintiff's attempted service came 110 days after the Amended Complaint was filed on July 17,

4

2025.  *See* ECF No. 3.  The Court recognized Plaintiff's lack of diligence in its October 14, 2025, Order, granting Plaintiff yet another chance to serve Defendants by November 18, 2025, 175 days after the Complaint was filed.  *See* ECF No. 5.  Importantly, the docket has no evidence of even an attempt to serve two of the named defendants in this case.  *See* ECF 8 & 9 (showing at most attempted service of four of the six named defendants).

The Court has been generous and understanding in giving the Plaintiff numerous bites at the apple, but this generosity must end somewhere.  The Plaintiff should not be rewarded or excused from following the timeliness requirements imposed on other litigants before this Court.  Rather than allow the Plaintiff to continue wasting judicial resources, the Court should dismiss Plaintiff's complaint against Mr. Prince.

## **CONCLUSION**

For the foregoing reasons, Defendant Erik Prince respectfully requests this Court dismiss the Complaint against Mr. Prince.

Date: November 24, 2025

Respectfully submitted,

/s/  Michael J. Edney
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
202.955.1500
202.778.2201 Facsimile
medney@hunton.com

***Specially Appearing as Counsel for Defendant Erik Prince for the limited purpose of challenging personal jurisdiction, service, and venue as a result of service deficiencies***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 24th day of November 2025, a true and correct copy of the foregoing has been provided by electronic notification through the ECF System to those who receive notification through ECF on this matter.

/s/  Michael J. Edney
Michael J. Edney

6

# Exhibit A

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| Zena Alsanabani in her individual capacity and/or Executor of The Estate of Abdulmalek Anwar Al-Sanabani | ) ) ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) ) | Civil Action No. |
| Spear Operations Group, Abraham Golan, et al. | ) ) ) | |
| _Defendant(s)_ | ) ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Erik Prince
23318 Foxcroft Road
Middleburg, VA 20117

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    David M. Schwartz
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Fl.
New York, NY 10036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. also must file your answer or motion with the court.

ANGELA D. CAESAR, CLERK OF COURT

09/05/2025

_Signature of Clerk or Deputy Clerk_