UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ZENA ALSANABANI** in her individual capacity and/or Executor of the Estate of Abdulmalek Anwar Alsanabani,<br><br>Plaintiff,<br><br>v.<br><br>**SPEAR OPERATIONS GROUP, ABRAHAM GOLAN, REFLEX RESPONSES MANAGEMENT CONSULTANCY LLC d/b/a REFLEX RESPONSE SECURITY CONSULTANTS, ERIK PRINCE, FIRST ABU DHABI BANK USA NV, JOHN DOE 1-100,** and **ABC CORPORATION 1-100,**<br><br>Defendants. | Civil Action No.  25-1684 (JDB) |

## MEMORANDUM OPINION AND ORDER

Alsanabani has sued several private military contractors, entities, and associated individuals for torts stemming from the United Arab Emirates' military campaign in Yemen. Defendant Erik Prince has filed a motion to dismiss for defects related to service. Alsanabani declined to respond to the motion. For the reasons below, Prince's motion is GRANTED.

## FACTUAL BACKGROUND

Alsanabani filed her complaint on May 28, 2025. For nearly two months after, she did nothing. She filed an amended complaint on July 17, 2025, and then nothing for nearly another three months. On October 14, 2025, this Court ordered Alsanabani to file by November 19, 2025, proof that the defendants had properly been served or provide the Court with a written explanation as to why service of process had not been completed. See Order Regarding Rule 4(m) [ECF No. 5]. That Order explained that failure to properly serve defendants or demonstrate good cause for

failure to do so could result in dismissal without prejudice under Federal Rule of Civil Procedure 4(m).  Id.  On the Court's deadline, Alsanabani filed proof of service as to several defendants including Prince.  See ECF Nos. 6, 7.

Prince then filed a motion to dismiss based on defective service on November 24, 2025. See Mot. to Dismiss (Mot.) [ECF No. 11].  Alsanabani failed to respond.  See D.D.C. Loc. Civ. R. 7(b) (providing 14 days to respond to motions and that if a response "is not filed within the prescribed time, the Court may treat the motion as conceded.").  Prince's motion is now ripe.

## LEGAL BACKGROUND

A defendant may move to dismiss a complaint for insufficient process or service of process under Federal Rules of Civil Procedure 12(b)(4) and (5).  In such cases, the plaintiff carries the burden to demonstrate that they properly effected service.  See Wilson v. Prudential Fin., 332 F. Supp. 2d 83, 87 (D.D.C. 2004) (quoting Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987)).  Rule 4(a)(1), most relevant to the motion at hand, requires that a summons "(F) be signed by the clerk; and (G) bear the court's seal."  Service of process is not trivial—if the requirements are not satisfied, a court lacks authority to exercise personal jurisdiction over the defendant.  See Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir. 2002) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)).

Once a motion is served, an opposing party must respond to it "[w]ithin 14 days of the date of service . . . ."  Loc. Civ. R. 7(b).  Upon the opposing party's failure to timely respond, "the Court may treat the motion as conceded."  Id.  Courts in the D.C. Circuit, upon determining that a motion is conceded under Rule 7(b), "may in their discretion consider" various actions based on the severity of the litigant's conduct.  Cohen v. Bd. of Trs. of the Univ. of D.C., 819 F.3d 476, 480-83 (D.C. Cir. 2016).  A failure to respond to a motion to dismiss for several months may

2

warrant dismissal with prejudice, but generally, lesser sanctions, such as dismissal without prejudice, are warranted for failure to timely respond. See id. at 483-84.

## ANALYSIS

Prince argues that the summons served by Alsanabani failed to comply with the requirements of Federal Rule of Civil Procedure 4(a). Mot. at 2. In general, "the procedural requirement of service of summons must be satisfied." Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries, 766 F.3d 74, 81 (D.C. Cir. 2014) (citing Omni Capital, 484 U.S. at 104). Those requirements include that the summons be signed by the clerk of Court and bear the Court's seal. Fed. R. Civ. P. 4(a)(1)(F), (G). Actual notice "cannot by itself validate an otherwise defective service." Id. (quotation omitted).

It is Alsanabani's burden to demonstrate proper service. See Wilson, 332 F. Supp. at 87. She has failed to carry that burden by not responding to Prince's motion. By contrast, Prince appended a picture to his motion showing a summons without the signature of the clerk or seal of the Court. Mot. at 8. As such, Prince received a summons that does not comply with Rule (4)(a)(1)(F) and (G). The Court thus concludes that service was improper.

The only remaining question is whether to quash service and allow Alsanabani to attempt service again or to dismiss without prejudice. See Staton v. Vesta Corp., Civ. A. No. 22-374, 2022 WL 2663824, at *1 (D.D.C. July 11, 2022). For several reasons, dismissal without prejudice is proper.

As an initial matter, Alsanabani failed to respond to Prince's motion to dismiss. This Court thus deems the motion conceded. See Local Civ. R. 7(b). Dismissal may be an appropriate remedy when a party fails to timely respond to a motion to dismiss. See Cohen, 819 F.3d at 480-84. In this case, Alsanabani's lack of diligence supports dismissal without prejudice. Failure to respond

to a dispositive motion is serious. Courts may dismiss without prejudice when litigants respond to dispositive motions late. See Cohen, 819 F.3d at 481. But Alsanabani's response is not merely delinquent, it is nonexistent. In cases where plaintiffs totally failed to respond to a motion to dismiss, the D.C. Circuit has upheld dismissal with prejudice. See, e.g., Fox v. Am. Airlines, Inc., 389 F.3d 1291 (D.C. Cir. 2004); Jackson v. Todman, 516 F. App'x 3 (D.C. Cir. 2013). And it is worth noting that Alsanabani is represented by counsel, who should be familiar with the local and federal rules.

Separately from the fact that Prince's motion is conceded, even if Alsanabani had responded this would not be a close case. Prince has provided clear evidence that service was improper under Rule 4(a). And Rule 4(m) explicitly contemplates dismissal without prejudice as the appropriate sanction for failure to timely effect proper service. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Dismissal without prejudice is thus proper.

Finally, the Court has provided Alsanabani more time than required under Rule 4(m) to effect service. See Order Regarding Rule 4(m). The Court also notified Alsanabani that failure to properly serve the defendants could result in dismissal without prejudice. Id. At this point, even if Alsanabani properly serves Prince, it would occur weeks after the deadline imposed by this Court's October 14, 2025, Order. And Alsanabani has not provided good cause for another extension of time. Accordingly, consistent with the Court's prior order, dismissal without prejudice is warranted.

## **CONCLUSION**

Upon consideration of [11] Defendant Erik Prince's motion to dismiss, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; it is further ORDERED that the claims against Erik Prince are DISMISSED WITHOUT PREJUDICE.  SO ORDERED.

/s/
JOHN D. BATES
United States District Judge

Dated: December 18, 2025