**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ZENA ALSANABANI in her individual capacity and as Executor of The Estate of ABDULMALEK ANWAR ALSANABANI,

Plaintiff,

-against-

SPEAR OPERATIONS GROUP, ABRAHAM GOLAN, REFLEX RESPONSES MANAGEMENT CONSULTANCY LLC d/b/a REFLEX RESPONSE SECURITY CONSULTANTS, ERIK PRINCE, FIRST ABU DHABI BANK USA N.V., JOHN DOE 1–100, and ABC Corporation 1–100.

Defendants.

Case No. 1:25-cv-01684-JDB

**PLAINTIFF'S STATUS REPORT**

Plaintiff Zena Alsanabani, by undersigned counsel, respectfully submits this Status Report in response to the Court's Minute Order dated June 22, 2026.

**1. Plaintiff Intends to Continue This Litigation.**

Plaintiff intends to continue this litigation against the remaining defendants, namely: Spear Operations Group, LLC; Abraham Golan; Reflex Responses Management Consultancy LLC d/b/a Reflex Response Security Consultants; and Erik Prince.

**2. Plaintiff's Position Is That the Operative Second Amended Complaint Was Served on the Remaining Defendants.**

The Court asked whether Plaintiff has effected service of the amended complaint on any defendant other than First Abu Dhabi Bank. Plaintiff's position is that the operative Second Amended Complaint was electronically served on all remaining defendants and/or their counsel of record after the Court granted leave to file that pleading. Under Fed. R. Civ. P. 5(a)(1)(B), a pleading filed after the original complaint must be served on every party. Fed. R. Civ. P. 5(b)(2)(E) further permits service through the Court's electronic filing system on a registered user, or by other electronic means to which the person served has consented in writing. Because the remaining defendants had already been brought into the case, and because Erik Prince and Reflex had previously appeared and moved to dismiss, Plaintiff understands service of the operative amended pleading to have been effected electronically under Fed. R. Civ. P. 5. In sum, the docket reflects that all of the remaining named Defendants were previously served in this action. Despite this no responsive pleading or answer has been filed on behalf of these remaining named Defendants since this court "Ordered that the Clerk of Court shall docket [27-2] as plaintiff's Second Amended Complaint" [dkt 29].

Plaintiff therefore respectfully requests that the Court advise whether it would prefer that Plaintiff proceed by filing a request for clerk's entry of default, or whether the Court would prefer some other directive concerning the non-appearing Defendants?

**3. Plaintiff Also Attempted to Re-Serve Erik Prince and Reflex Out of an Abundance of Caution.**

It is also worthy on note that although Plaintiff believes the Second Amended Complaint was electronically served, Plaintiff nevertheless undertook additional efforts to re-serve Erik Prince and Reflex with a Clerk-signed summons and the operative pleading after the earlier dismissal without prejudice raised a service issue as to those defendants. Those efforts were unsuccessful.

Plaintiff's service records and the affidavits of non-service reflect multiple attempts at known addresses in Virginia and California. The process servers reported being unable to complete service at the Virginia location because of a no-trespassing, hostile environment and later were unable to confirm residence or complete service at the California address. Plaintiff therefore believes Erik Prince has been evading or avoiding personal service (See Exhibits A Multiple Attempts and B Affidavit). Under Federal Rule of Civil Procedure 15(a)(3), a response to an amended pleading is due within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. Under Federal Rule of Civil Procedure 12(a), a defendant ordinarily must serve an answer within 21 days after being served with the summons and complaint.

**4. Requested Next Step**

In light of the foregoing, Plaintiff respectfully submits that:

1. Plaintiff intends to proceed against the remaining defendants;
2. Plaintiff's position is that the Second Amended Complaint was electronically served on those defendants; and
3. as to Erik Prince and Reflex, Plaintiff also made further personal-service efforts out of an abundance of caution, but those efforts were unsuccessful.
4. it seeks court guidance on the nonanswering defendants

To the extent the Court concludes that any further formal service is required as to Erik Prince or Reflex, Plaintiff respectfully requests a brief extension of time to seek alternative service or other appropriate relief. Fed. R. Civ. P. 4(m) authorizes the Court to extend the time for service, and the Advisory Committee has recognized that additional time may be warranted where a defendant is evading service.

Dated: June 29, 2026

Respectfully submitted,
/s/ David M. Schwartz
DAVID M. SCHWARTZ
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 641-0499
dschwartz@aidalalaw.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I filed the foregoing electronically through the Court's CM/ECF system, which will send notice of such filing to all counsel of record.

/s/ David M. Schwartz
DAVID M. SCHWARTZ