**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ZENA ALSANABANI in her individual capacity and/or Executor of The Estate of Abdulmalek Anwar Alsanabani,**<br><br>**Plaintiff,**<br><br>**v.**<br>**SPEAR OPERATIONS GROUP, ABRAHAM GOLAN, REFLEX RESPONSES MANAGEMENT CONSULTANCY LLC d/b/a REFLEX RESPONSE SECURITY CONSULTANTS, ERIK PRINCE, JOHN DOE 1–100, and ABC CORPORATION 1–100,**<br><br>**Defendants.** | **Civ. A. No. 25-1684 (JDB)** |

**MEMORANDUM OPINION**

Zena Alsanabani sued several private military contractors and individuals for claims arising from the death of her brother in connection with the United Arab Emirates's military campaign in Yemen. Before the Court is Alsanabani's motion for entry of default against one of those individuals, Erik Prince, and Prince's motion to dismiss the complaint with prejudice. Alsanabani failed to serve Prince as required by Federal Rule of Civil Procedure 4, so Prince was under no obligation to respond to the complaint, and thus, Alsanabani's motion for entry of default is denied. But because dismissal with prejudice is not appropriate where claims are dismissed for insufficient service of process, Prince's motion to dismiss the complaint with prejudice is denied. And because Alsanabani has demonstrated good cause for her failure to serve Prince, the Court will grant Alsanabani's motion for an extension of time to effect service and will grant authorization for alternative service as to him. See Fed. R. Civ. P. 4(m).

Also pending is Alsanabani's request for an extension of time to effect service and authorization for alternative service as to the other defendants: Spear Operations Group, Abraham Golan, and Reflex Responses Management Consultancy. But Alsanabani has not established good cause for failing to serve those defendants, nor is there a reasonable prospect that service can be obtained, so the Court will dismiss the claims against each of them without prejudice.

## BACKGROUND

Alsanabani filed her complaint on May 28, 2025, then filed an amended complaint several months later. See Compl. [ECF 1]; Am. Compl. [ECF 3]. In October 2025, this Court ordered Alsanabani to file proof that the defendants had been properly served or to provide the Court with a written explanation as to why service of process had not been completed. See Order Regarding Rule 4(m) [ECF 5]. That Order explained that failure to properly serve defendants or demonstrate good cause for failure to do so could result in dismissal without prejudice under Federal Rule of Civil Procedure 4(m). Id. On the Court's deadline, Alsanabani filed certificates of service as to several defendants including Prince. See Spear Operations Group Certificate of Service [ECF 6]; Prince Certificate of Service [ECF 7].

Prince's counsel filed a notice of special appearance "for the sole purpose of contesting personal jurisdiction, service of process, and venue arising from service deficiencies." Notice of Special Appearance [ECF 10] at 1. Prince then filed a motion to dismiss based on defective service, pointing out that the summons delivered to Prince's residence lacked the signature of the Clerk of Court and the seal of the Court as required by Rule 4. See Prince First Mot. to Dismiss [ECF 11] at 2; Fed. R. Civ. P. 4(a)(1)(F)–(G). Alsanabani failed to respond to that motion. See D.D.C. Local Rule 7(b) (providing for 14 days to respond to motions, and providing that if such a response "is not filed within the prescribed time, the Court may treat the motion as conceded").

Relying on both the insufficient service and Alsanabani's failure to respond to Prince's motion to dismiss, this Court granted Prince's motion and dismissed Alsanabani's claims against Prince without prejudice. Order Granting Prince's First Mot. to Dismiss [ECF 16].

About one month later, and without leave of Court, Alsanabani filed a second amended complaint. 2d Am. Compl. [ECF 22] (filed without leave). The Court ordered Alsanabani to file a motion requesting the Court's leave to file. Jan. 12, 2026 Minute Order (citing Fed. R. Civ. P. 15(a)(2)). Alsanabani did so, and the Court then granted leave for Alsanabani to amend her complaint. Mot. for Leave to File Am. Compl. [ECF 27]; Feb. 2, 2026 Minute Order; see 2d Am. Compl. [ECF 28] (filed with leave). Alsanabani's second amended complaint realleged her claims against Prince and the other defendants. See 2d Am. Compl. at 1, 25–36.

Shortly after, defendant First Abu Dhabi Bank moved to dismiss the claims against it on the merits. First Abu Dhabi Bank's Mot. to Dismiss [ECF 30]. The Court granted that motion in April 2026, dismissing Alsanabani's claims against First Abu Dhabi Bank. Order Granting First Abu Dhabi Bank's Mot. to Dismiss [ECF 33] at 14.

Then Alsanabani went silent, taking no action for two months. The Court issued an order instructing her to file a status report indicating whether she intended to continue this litigation and explaining the status of service on any of the remaining defendants. June 22, 2026 Minute Order. Alsanabani said she intended to proceed against the remaining defendants, including Prince, and took the position that Prince had been properly served with the second amended complaint under Rule 5 through the Court's electronic case filing system. Status Report [ECF 35] at 1–2.

When Prince failed to file an answer or other responsive pleading, Alsanabani moved for the entry of default against Prince and for other relief, and filed a memorandum and declaration in support of her motion. See Mot. for Default [ECF 36]; Mem. in Support of Mot. for Default

[ECF 37]; Schwartz Decl. [ECF 38]; Reply [ECF 42]. Prince filed a "special appearance of counsel to oppose plaintiff's motion for entry of default," arguing that default was inappropriate and that dismissal with prejudice was warranted. Prince 2d Mot. to Dismiss [ECF 41] at 1, 4–6. These motions are now ripe for this Court's consideration.

## ANALYSIS

### I. Alsanabani's Motion for Default

Prince argues that default is improper because Alsanabani has not accomplished sufficient service of process of the second amended complaint under Federal Rule of Civil Procedure 4. Prince 2d Mot. to Dismiss at 4. Alsanabani insists that default is appropriate because Prince was appropriately served under Federal Rule of Civil Procedure 5 and thereafter failed to file a responsive pleading. Mem. in Support of Mot. for Default at 5–6. Accordingly, the Court must first resolve whether Rule 4 or Rule 5 applies, and correspondingly, whether Prince was properly served.

Federal courts may only assert personal jurisdiction over a defendant "if the procedural requirements of effective service of process are satisfied." Freedom Watch, Inc. v. Org. of the Petrol. Exporting Countries, 766 F.3d 74, 78 (D.C. Cir. 2014) (citation modified); see Fed. R. Civ. P. 4(k)(1) (explaining that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant"). Those requirements are enumerated in Rule 4, which "governs the form, issuance, and service of summons in federal civil actions." Freedom Watch Inc., 766 F.3d at 78. It is the plaintiff's burden to prove that service "satisfie[d] the requirements of the relevant portions of Rule 4." Id. Rule 5, by contrast, "permits certain papers to be served on an opposing party with less formality than what is required under Rule 4." Fischer v. Fed. Express Corp., 42 F.4th 366, 386 n.9 (3d Cir. 2022). Generally, motions, notices, and "pleading[s] filed after the

original complaint" fall under Rule 5's ambit and may be served on the attorney representing a party. Fed. R. Civ. P. 5(a)(1), (b)(1).

Alsanabani argues that her second amended complaint, deemed filed after this Court granted leave to amend on February 2, 2026, is subject to the service requirements of Rule 5, not Rule 4. Mem. in Support of Mot. for Default at 5. Because the second amended complaint is a "pleading filed after the original complaint," Alsanabani argues, it is covered by Rule 5 and was properly served on Prince's attorney through the Court's Electronic Case Filing system. Id.; Fed. R. Civ. P. 5(a)(1)(B).

Alsanabani's argument fails. Rule 5 only kicks in after a defendant has been served under Rule 4. Fischer, 42 F.4th at 386 n.9; Emp. Painters' Tr. v. Ethan Enters., Inc., 480 F.3d 993, 999 (9th Cir. 2007) (an amended complaint can be served under Rule 5 "if the original complaint is properly served and the defendants appeared in the first instance" (emphasis added)); Cryer v. UMass Med. Corr. Health, Civ. A. No. 10-11346, 2011 WL 841248, at *1 & n.2, n.4 (D. Mass. Mar. 7, 2011) (similar and collecting cases). But as this Court previously held, Alsanabani's attempt to serve her earlier complaint did not comply with Rule 4. See Order Granting Prince's First Mot. to Dismiss at 3. So because Prince "was never properly served with the original complaint," this Court "never acquired jurisdiction over [him] and service of the [second] amended complaint under Rule 5 was improper." Kohus v. Ohio State Highway Patrol, Civ. A. No. 09-658, 2009 WL 6808780, at *3 (S.D. Ohio Dec. 22, 2009).

In arguing to the contrary, Alsanabani misreads the Ninth Circuit's decision in Employee Painters' Trust. In that case, there was no question that the district court had acquired personal jurisdiction over the defendants after the plaintiff filed the complaint, because the defendants noted their appearances in the action and filed an answer. 480 F.3d at 999. The Ninth Circuit then

explained that the plaintiff's amended complaint could be served under Rule 5 because the defendants had appeared in the action and the amended complaint did not assert any new claims for relief. Id.; see Fed. R. Civ. P. 5(a)(2) ("No service [of pleadings filed after the initial complaint] is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.").

Alsanabani cites that holding in support of her argument that her amended complaint likewise could have been served under Rule 5. But Rule 5 does not apply here. That is because "the provisions of Rule 5 presuppose that the court has already attained jurisdiction over the individual served." I.A.M. Nat'l Pension Fund, Benefit Plan A v. Wakefield Indus., 699 F.2d 1254, 1261 (D.C. Cir. 1983). So if a defendant is properly served with the original complaint under Rule 4, a plaintiff can serve an amended complaint under Rule 5, as in Employee Painters' Trust. This is so unless the amended complaint adds new claims, in which case it is excepted from Rule 5 and must be served under Rule 4. Fed. R. Civ. P. 5(a)(2). But, as the Ninth Circuit explained in that same opinion, an amended complaint cannot be served under Rule 5 at all unless "the original complaint [was] properly served" under Rule 4. Employee Painters' Trust, 480 F.3d at 995–96. Because the original complaint here was not properly served on Prince, Alsanabani cannot take advantage of Rule 5 for her amended complaint.

Nor does actual notice solve Alsanabani's problem. As this Court held earlier in this litigation, "actual notice 'cannot by itself validate an otherwise defective service.'" Order Granting Prince's First Mot. to Dismiss at 3 (quoting Freedom Watch Inc., 766 F.3d at 81); see Reply at 2 (so acknowledging).

Alsanabani has never accomplished sufficient service on Prince of the original complaint, the amended complaint, or the second amended complaint. So Prince's "obligation to plead or

otherwise respond" has "not arisen," and "[d]efault cannot be entered." Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009). Moreover, without sufficient service of process, this Court cannot exercise personal jurisdiction over Prince, see Fed R. Civ. P. 4(k)(1), and without personal jurisdiction, this Court cannot enter default judgment. Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005) ("[A] court should satisfy itself that it has personal jurisdiction before entering [default] judgment against an absent defendant."). For those reasons, the Court will deny Alsanabani's motion for entry of default against Prince.

**II. Prince's Motion to Dismiss**

Having established that Alsanabani failed to serve the second amended complaint under Rule 4 as required, the Court turns to Prince's motion to dismiss the claims against him with prejudice. See Prince 2d Mot. to Dismiss at 5–6. Alsanabani argues the motion should be denied because she has made repeated service efforts and asks that the Court provide "a fixed period to complete service" and authorize an alternative form of service "by a method authorized by Rule 4 or otherwise directed by the Court." Reply at 4 (first quote); Mot. for Default at 3 (second quote); see Mem. in Support of Mot. for Default at 7. If her claims are dismissed, Alsanabani argues that the dismissal should be without prejudice. Reply at 3–4.

In support of his argument for dismissal with prejudice, Prince relies on Federal Rule of Civil Procedure 4(m). See Prince 2d Mot. to Dismiss at 5–6. But that Rule provides that if a defendant is not served within 90 days, the court "must dismiss the action without prejudice" unless certain conditions are met. Fed. R. Civ. P. 4(m) (emphasis added). Prince points to no authority and cites no case authorizing a court to dismiss an action with prejudice for unsuccessful service, but there is case law to the contrary. Howe v. Embassy of Italy, 68 F. Supp. 3d 26, 30 (D.D.C. 2014) ("Insufficient service of process on a defendant warrants the court's dismissing the

plaintiff's claims without prejudice." (citation modified)); Simpkins v. D.C. Gov't, 108 F.3d 366, 370 (D.C. Cir. 1997) (similar, although outlining exception in certain cases where defendant also moved to dismiss under Rule 12(b)(6)). This is so because "a dismissal for insufficient service of process is not a disposition on the merits," Candido v. District of Columbia, 242 F.R.D. 151, 157 n.6 (D.D.C. 2007), and as a general matter "claims dismissed without an adjudication on the merits should be dismissed without prejudice," Givens v. Bowser, 111 F.4th 117, 122 (D.C. Cir. 2024) (citation modified); see Angellino v. Royal Family Al-Saud, 688 F.3d 771, 775 (D.C. Cir. 2012) (explaining "disposition of claims on the merits is favored"). Accordingly, the Court will deny Prince's motion to dismiss the claims against him with prejudice.

## III. Additional Relief with Respect to Prince

The remaining question for the Court is whether to dismiss the claims against Prince without prejudice, or, as Alsanabani requests, to extend the deadline for service and authorize additional means for service. Mot. for Default at 3; Mem. in Support of Mot. for Default at 7.

Rule 4(m) provides that where a defendant is not served within 90 days of the complaint being filed the court "must" either (1) "dismiss the action without prejudice against that defendant," or (2) "order that service be made within a specified time." Fed. R. Civ. P. 4(m). But if a plaintiff shows "good cause" for the failure to serve, the court may not dismiss the action and instead "must extend the time for service for an appropriate period." Id. "Good cause exists when some outside factor rather than inadvertence or negligence prevented service." Mann v. Castiel, 681 F.3d 368, 374 (D.C. Cir. 2012) (citation modified).

Although it is a close question, the Court concludes that Alsanabani has demonstrated good cause for failing to serve Prince with the second amended complaint. Alsanabani filed an affidavit of non-service which represents that a process server made six attempts to serve Prince at an

address in Virginia: twice on February 12, once on February 15, once on February 22, and once on February 25, at varying times of day between 8:16 a.m. and 8:18 p.m. Prince Affs. of Non-Service [ECF 35-2] at 3; see Schwartz Decl. ¶¶ 23, 25. The server's attempts were stymied due to "a hostile environment," a "no trespassing sign," and a "fence" at the address. Prince Affs. of Non-Service at 3; see Schwartz Decl. ¶ 26. Alsanabani also filed a second affidavit of non-service, reflecting that a second process server made at least two attempts to serve Prince at a California address on February 28 and March 1, but was unable to locate Prince or anyone residing with him. Prince Affs. of Non-Service at 4; see Schwartz Decl. ¶¶ 24, 26. These attempts were all made in the month after Alsanabani's second amended complaint was deemed filed. See Feb. 2, 2026 Minute Order; 2d Am. Compl. (deemed filed on February 2, 2026). Alsanabani argues that she believed the second amended complaint had already been served on Prince through the Court's electronic case filing system in accordance with Rule 5, but made additional efforts to serve Prince at his residence anyway. Status Report at 1–2; Memo. in Support of Mot. for Default at 5.

Alsanabani's litigation conduct—failing to timely request an extension of the 90-day window for service and, at various times, requiring this Court to prompt action—has not been model behavior. Nonetheless, the Court finds that the plaintiff has demonstrated "good cause" for failing to serve Prince. Individuals have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Prince has not met that duty. Alsanabani's repeated efforts to serve Prince at his Virginia address should have been successful: Prince has acknowledged that the Virginia address is his "personal residence." Prince First Mot. to Dismiss at 2, 3, 4 (repeatedly referring to his "personal residence" in Middleburg, Virginia). And Prince has known for over a year that Alsanabani is attempting to affect service, because last year Alsanabani did serve a copy

of a summons to an individual at Prince's residence (although that service was deficient because the summons lacked the signature of the Clerk of Court and the seal of the Court). Id. at 2; Order Granting Prince's First Mot. to Dismiss at 3–4. Despite that, it seems Prince has created "a hostile environment" in which the process server was unable to complete service. See Sanchez v. Yu Lin Corp., Civ. A. No. 21-2119, 2022 WL 4598653, at *2 (D.D.C. Sept. 30, 2022) ("Cases in which the defendant purposefully evades service provide strong arguments for granting good cause extensions." (citation modified)).

Hence, the Court will grant Alsanabani's request to extend the service deadline and authorize alternative service. Because significant time has already passed, the Court will give Alsanabani only a modest extension of 45 days. Fed. R. Civ. P. 4(m) (where a plaintiff shows "good cause," for failing to serve "the court must extend the time for service"); see Ehr for Cong. Campaign Comm. v. Grassroots Analytics, Inc., Civ. A. No. 24-3035, 2025 WL 3771993, at *2 (D.D.C. June 12, 2025) (granting 30-day good cause extension where plaintiff had failed to serve individual defendant, but showed "reasonable diligence" in attempting to serve).

Indeed, an extension of time would be appropriate even if Alsanabani had not demonstrated good cause. The D.C. Circuit has explained that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983); see Rule 4(m) (even in the absence of good cause, courts may "order that service be made within a specified time"). There is such a prospect here: Alsanabani has the address of Prince's residence, and even if Prince refuses to accept service at that address, the Court can authorize an alternative means of service.

To determine what methods of alternative service may be authorized, this Court must look to District of Columbia law. Federal Rule of Civil Procedure 4(e) provides that an individual

within a judicial district of the United States may be served by "following state law for serving a summons" based on the law of the state "where the district court is located." The District of Columbia rules, like the federal rules, permit service on individuals by delivering a copy to the individual or leaving a copy at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or through an agent. D.C. Super. Ct. R. Civ. P. 4(e)(2). D.C. law also permits service via "registered or certified mail, return receipt requested" or first-class mail requesting an acknowledgment. D.C. Super. Ct. R. Civ. P. 4(c)(4)–(5). Alsanabani did not attempt to serve Prince through the mail, but "such methods would have required [Prince's] cooperation" and the record suggests "that such cooperation was unlikely." Sanchez, 2022 WL 4598653, at *3.

D.C. law also permits plaintiffs to use an "alternative method of service" "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service" by the methods described above. D.C. Super. Ct. R. Civ. P. 4(e)(3)(A). The alternative method must be "reasonably calculated to give actual notice of the action to the party to be served." Id. Plaintiffs "seeking to use an alternative method of service must file a motion with an affidavit specifying the diligent efforts" used. D.C. Super. Ct. R. Civ. P. 4(e)(3)(C). Because Alsanabani made diligent efforts to serve, and filed the required affidavit, see Schwartz Decl., the Court will authorize an alternative method of service. Alsanabani may serve Prince by mailing the summons, a copy of the second amended complaint, and a copy of this memorandum opinion and the accompanying order, to Prince's Middleburg, Virginia address via United States Postal Service priority mail. See Sanchez, 2022 WL 4598653, at *4 (authorizing same alternative method of service). Once USPS confirms delivery, Alsanabani shall file an affidavit of service, including the USPS tracking certification showing confirmation of delivery. See id. Prince's answer or other responsive

pleading shall be due by not later than twenty-one days after Alsanabani files the affidavit of service containing the confirmation of delivery with this Court. The Court finds this method is "reasonably calculated to give actual notice," D.C. Super. Ct. R. Civ. P. 4(e)(3)(A), particularly since Prince has entered a limited appearance in this matter and therefore already has actual notice.

## IV. Additional Relief with Respect to Other Defendants

Finally, Alsanabani requests authorization to serve the remaining three defendants, Spear Operations Group, Abraham Golan, and Reflex Responses Management Consultancy, through various methods and for an extension of time to serve. See Mot. for Default at 3. But because Alsanabani has failed to serve any of those defendants as required by Rule 4 and cannot demonstrate good cause for the failures, the Court will dismiss the claims against each of those three defendants without prejudice. See Order Regarding Rule 4(m) (warning Alsanabani that her claims could be dismissed without prejudice if she failed to complete service of process).

Start with Abraham Golan, and the company of which he is allegedly CEO, Spear Operations Group. 2d Am. Compl. ¶ 30. As Alsanabani seems to concede, she has not served either Golan or Spear Operations Group with the complaint, amended complaint, or second amended complaint. See Mot. for Default at 2 (declining to seek entry of default against either defendant). The second amended complaint alleges that Golan resides at a Washington D.C. address, but Alsanabani reports no efforts to serve Golan or Spear with that complaint, at the D.C. address or otherwise. 2d Am. Compl. ¶ 30; see Schwartz Decl. (not reporting any such efforts).

Alsanabani's only efforts to serve Golan or Spear were in November 2025, more than 90 days after she filed her first amended complaint. See Am. Compl. (filed July 17, 2025); Golan/Spear Service Aff. [ECF 21-1] (service attempt made October 28, 2025). A process server attempted to serve Golan and Spear at an address in Maine. Golan/Spear Service Aff. A woman

named Stephanie Golan accepted service but indicated that Abraham Golan did not live at the address. See id. The Court determines that attempt at service was insufficient as to both defendants. Abraham Golan, as an individual, can be served at his "dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B), but Stephanie Golan indicated the address is not Abraham Golan's usual residence, and Alsanabani makes no argument to the contrary, see Schwartz Decl. ¶ 31 (conceding that Abraham Golan no longer lives at the Maine address). Nor can Stephanie Golan—an individual with no alleged ties to Spear—accept service on their behalf. See Fed. R. Civ. P. 4(h)(1).

The 90-day time limit for service has passed, and Alsanabani, having not made any attempt to serve either Golan or Spear with the second amended complaint, has not demonstrated "good cause." And the Court finds there is not "a reasonable prospect that service can be obtained," Novak, 703 F.2d at 1310, because Alsanabani has not identified a method of serving either defendant, or an address at which to serve them, see Schwartz Decl. ¶ 31 (stating that Golan no longer lives at the Maine address and indicating Alsanabani does not have his updated address). Accordingly, the Court will dismiss the claims against Abraham Golan and Spear Operations Group without prejudice. See Fed. R. Civ. P. 4(m); Garlington v. D.C. Water & Sewer Auth., 303 F.R.D. 417, 418 (D.D.C. 2014) (explaining district courts may "sua sponte dismiss an action [without prejudice] where the plaintiff has failed to comply with Rule 4(m)" and collecting cases).

That leaves Reflex Responses Management Consultancy, a company that "maintains its offices" in the United Arab Emirates. 2d Am. Compl. ¶ 31. Alsanabani did repeatedly attempt to serve the second amended complaint at Reflex's offices in Abu Dhabi. Reflex Aff. of Non-Service [ECF 38-2]. But service outside the United States must be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(1),

(h)(2). If there are no such means, then service can be accomplished "as prescribed by the foreign country's law for service in that country in an action in its court of general jurisdiction" or "as the foreign authority directs in response to a letter rogatory or letter of request." Fed. R. Civ. P. 4(f)(2)(A), (f)(2)(B), (h)(2). Alsanabani has not indicated, how, if at all, she has attempted to comply with UAE law or if she has sent a letter of request. See, e.g., Karroum v. Special Equip. Supplies, LLC, Civ. A. No. 22-504, 2022 WL 18278621, at *1–2 (C.D. Cal. Oct. 19, 2022) (discussing how service of process can be affected under UAE law).[1] Although the 90-day time limit in Rule 4 does not apply to service outside of the United States, Fed. R. Civ. P. 4(m), the Court will dismiss the claims against Reflex without prejudice, see D.D.C. Local Rule 83.23 (authorizing the Court to dismiss claims for failure to prosecute sua sponte); Peterson v. Archstone Cmtys. LLC, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case sua sponte for a plaintiff's failure to prosecute.").

* * *

A separate Order consistent with this Memorandum Opinion shall issue.

/s/
JOHN D. BATES
United States District Judge

Dated: November 20, 2026

[1] Alsanabani has also attempted to serve Reflex by serving Prince, but Prince has indicated repeatedly he is not, and has never been, the CEO of that company and cannot accept service on their behalf, and Alsanabani makes no argument to the contrary. Prince First Mot. to Dismiss at 1 n.1; Prince 2d Mot. to Dismiss at 1 n.1; see Reply at 3.